JO NEVA SWEM SWANSON AND GEORGE FREDERICK SWANSON v. FREDERICK JOSEPH SWANSON, DEFENDANT, ROBERT (NMN) SCHRADER AND FREDA C. SCHRADER, ADDITIONAL DEFENDANTS

No. 7425DC44

(Filed 19 June 1974)

1. Infants § 8— child custody proceeding — children in N. C. — jurisdiction of Georgia court

Where two minor children were brought to N. C. from Georgia on 2 April 1973 and a Georgia court subsequently entered an order purporting to award custody of the children to the maternal grandparents on 22 June 1973, the N. C. court which heard the custody matter on 27 June 1973 properly excluded the Georgia order of 22 June 1973, since, at the time the order was entered, the Georgia court did not have jurisdiction of the children.

2. Infants § 8— exercise of jurisdiction by N. C. court — no abuse of discretion

Defendants failed to show an abuse of discretion in the denial of their motion that the N. C. court refuse to exercise jurisdiction in this custody proceeding upon the ground that a court of another state had assumed jurisdiction. G.S. 50-13.5(c) (5).

3. Infants § 9— child custody proceeding — relevancy of evidence

The trial court in this custody proceeding did not err in excluding a complaint and summons in a domestic action between plaintiffs which alleged verbal and physical abuse of the feme plaintiff by her husband, since the evidence would have been of little value in view of the fact that plaintiffs had reconciled their marital difficulties to the point that they were living together and seeking joint, permanent custody of the two minor children.

4. Witnesses § 6— cross-examination as to prior offenses — limitation proper

The trial court did not err in restricting cross-examination of plaintiff-husband as to offenses of which he had been tried and convicted.

Swanson v. Swanson

APPEAL by the additional defendants from *Matheson, District Court Judge,* 30 July 1973 Session of District Court held in CALDWELL County. Argued in the Court of Appeals 19 March 1974.

Prior to 31 March 1973, the defendant, a citizen and resident of Macon, Bibb County, Georgia, defendant's wife, Robbie Dale Schrader Swanson, and two minor children, Nathan Heath Swanson and Shane Allan Swanson, were residing in Macon, Georgia. On 31 March 1973, defendant allegedly murdered his wife and he was incarcerated.

The plaintiffs, parents of the defendant and paternal grandparents of the two minor children, went to Macon, Georgia, on 2 April 1973 where defendant surrendered custody of the children to the plaintiffs. The children have resided with the plaintiffs in Caldwell County, North Carolina, since that time. On 12 April 1973, defendant signed a document whereby he formally relinquished custody of the children to the plaintiffs. On 3 May 1973, the plaintiffs were appointed guardians of the two minor children by the Clerk of Superior Court, Caldwell County.

On 17 May 1973, a hearing was held in the matter of the two minor children in the Juvenile Court of Bibb County, Georgia, to remove custody of the children from the father until all interested parties could be notified of a hearing to determine the custody of the children.

On 13 June 1973, plaintiffs (paternal grandparents) filed a motion for the custody of the children in Caldwell County, North Carolina. The motion was supported by plaintiff's affidavit informing the trial court of the intention of the maternal grandparents to remove the children from North Carolina. Temporary custody was awarded to the plaintiffs pending a final determination after the custody hearing scheduled 27 June 1973.

A motion to intervene was filed by the additional defendants in Caldwell County on 20 June 1973. The additional defendants sought to be made additional parties defendants and cross-claimed for custody of the children in the hearing set for 27 June 1973. The motion to intervene was allowed.

On 22 June 1973, the Juvenile Court of Bibb County, Georgia, entered an order placing the two minor children in the

---

Swanson v. Swanson

---

custody of the maternal grandparents (additional defendants in the North Carolina Court).

The hearing in the matter of the custody of the Swanson children was held in Caldwell County, North Carolina, on 27 June 1973. At the hearing, the trial court refused to admit into evidence or recognize a certified copy of the Order of the Juvenile Court of Bibb County, Georgia. The trial court then ruled it would not give full faith and credit to the order of the Juvenile Court of Bibb County.

Judgment was entered on 1 August 1973 awarding custody of the two minor children to the plaintiffs.

The additional defendants appealed to this Court.

*Hiatt & Hiatt, by V. Talmadge Hiatt, for the additional defendants.*

*No appearance contra.*

BROCK, Chief Judge.

The additional defendants contend the trial court committed error in refusing to admit into evidence and recognize the order of the Juvenile Court of Bibb County, Georgia, and in failing to give full faith and credit to the Georgia decree.

"[T]he courts of this State will accord full faith and credit to the custody decree of a sister state which had jurisdiction of the parties and the cause as long as the circumstances attending its rendition remain unchanged. However, when a child whose custody is in dispute comes into this State our courts have jurisdiction to determine whether or not conditions and circumstances have so changed since the entry of the custody decree that the child's best interests will be served by a change of custody. (Citations omitted)." *Spence v. Durham,* 283 N.C. 671, 198 S.E. 2d 537.

[1] The record fails to disclose that the Juvenile Court of Bibb County, Georgia properly acquired jurisdiction of the children. The North Carolina Court had jurisdiction over the two minor children when the plaintiffs brought the children from Bibb County, Georgia to Caldwell County, North Carolina, on 2 April 1973. The first assertion of jurisdiction of the children by the Georgia Court, as disclosed by the record on appeal, was a hearing commenced there on 17 May 1973. This was more than

a month after the children were brought to North Carolina and fourteen days after the North Carolina Court had appointed plaintiffs guardian of the two children. The next assertion of jurisdiction by the Georgia Court was on 22 June 1973 when it entered an order purporting to award custody of the children to the maternal grandparents (additional defendants in the North Carolina Court). The children were not within the State of Georgia on either of these dates and could not, therefore, properly be deemed to be within the jurisdiction of the Juvenile Court of Bibb County. The Georgia Court, being without jurisdiction of the children, its decree was properly excluded by the North Carolina Court.

[2] Defendants also contend that the trial court committed error in denying their motion that the North Carolina Court refuse to exercise jurisdiction upon the ground that a court of another state had assumed jurisdiction. G.S. 50-13.5(c)(5) grants to the North Carolina courts the discretion of either refusing to exercise jurisdiction or retaining jurisdiction when it is determined that a court of another state has assumed jurisdiction. No abuse of discretion is alleged or shown. This assignment of error is overruled.

[3] The additional defendants contend the trial court committed error in refusing to admit into evidence the complaint and summons in a domestic action between the plaintiffs. The excluded complaint alleged verbal and physical abuse of the *feme* plaintiff by her husband.

The trial court in its findings of fact and conclusions of law found that the plaintiffs were living together in the same household, both plaintiffs desiring permanent custody of the minor children. The introduction of the evidence excluded would have had little probative value in view of the fact that plaintiffs had reconciled their marital difficulties to the point that they were living together in the same household and seeking joint, permanent custody of two minor children. This assignment of error is overruled.

[4] The additional defendants contend the trial court committed error in terminating cross-examination of the plaintiffs as to personal matters and offenses of which plaintiff-husband had been tried and convicted.

The record reveals that plaintiff-husband testified that he had been convicted of driving under the influence. "[F]or pur-

poses of impeachment, a witness, including the defendant in a criminal case, may *not* be cross-examined as to whether he has been *indicted* or is *under indictment* for a criminal offense other than that for which he is then on trial." *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174. The trial court acted properly in restricting the questioning to offenses of which the plaintiff had been convicted.

We have examined additional defendants' exceptions to the rulings of the court upon cross-examination of the plaintiff. Without detailing the questions to which objections were sustained, we hold that the questions were improper either in substance or in form. In our opinion, the rulings of the trial judge were correct.

The judgment appealed from is

Affirmed.

Judges PARKER and BALEY concur.